1
2
3
4
5
6
7

8               UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10

11 | RICHARD SCOTT KINDRED,          ) Case No.:1:13-cv-00759-SAB (HC)
                                    )
12 |            Petitioner,          ) ORDER DISMISSING PETITION FOR WRIT OF
                                    ) HABEAS CORPUS, DIRECTING CLERK OF
13 |      v.                         ) COURT TO ENTER JUDGMENT, AND
                                    ) DECLINING TO ISSUE A CERTIFICATE OF
14 | CALIFORNIA DEPARTMENT OF STATE  ) APPEALABILITY
    | HOSPITALS,                     )
15 |            Respondent.          ) (ECF No. 1)
                                    )
16 |                                 )

17       Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. §

18 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United

19 States magistrate judge.  Local Rule 305(b).

20       Petitioner filed the instant for writ of habeas corpus on May 22, 2013.  Petitioner is currently

21 detained at the Coalinga State Hospital, pursuant to a finding that he is a sexually violent predator

22 under California Welfare and Institutions Code section 6600, et seq.

23       In the instant petition, Petitioner contends that staff members at the hospital are denying him

24 access to certain personal properly pursuant to an illegal policy and he is being retaliated against for

25 filing a complaint against staff.  For the reasons discussed below, the petition must be dismissed.

26 ///
27 ///
28 ///

# I.

# DISCUSSION

### A.     Rule 4 of the Rules Governing Section 2254 Cases

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing 2254 cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

### B.     Failure to State Cognizable Claim

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 cases.

In this instance, Petitioner's claim that he is being deprived of access to personal property and is subjected to retaliation, challenge the conditions of his confinement at Coalinga State Hospital and not the validity of his confinement.  See e.g., Selling v. Young, 531 U.S. 250, 263 (2001) (held challenge to Washington State's sexually violent predator act continued civil confinement based on conditions of confinement could not be maintained in a habeas corpus proceeding.)  Therefore, under clearly established federal law, Petitioner is precluded from seeking habeas corpus relief.  Should Petitioner desire to seek relief, he must do so by way of another appropriate legal avenue.

### C.     Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 cases requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner.  The requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that

protects the Court of Appeals from having to devote resources to frivolous issues, while at the same time affording petitioners an opportunity to persuade the Court that, through full briefing and argument, the potential merit of claims may appear.  Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000).  However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003).  The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

This Court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

///

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find it debatable that Petitioner has failed to show an entitlement to federal habeas corpus relief. Accordingly, the Court declines to issue a certificate of appealability.

## II.
## ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED;
2. The Clerk of Court be directed to tewaitrmination this action; and
3. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **June 20, 2013**

UNITED STATES MAGISTRATE JUDGE